IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30196
Summary Calendar

_____

INTERNATIONAL GUARD UNION OF AMERICA,
LOCAL 81, ET AL.,

Plaintiffs,

CURTIS W. MURPHY, GLENELL MOORE,
MARY L. WIGGINS, GLORIA R. ROBINSON,

Plaintiffs-Appellants,

versus

BARBOSA GROUP INC.,
doing business as Executive Security,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 98-CV-1638
--------------------
December 1, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Curtis W. Murphy, Glenell Moore, Mary L. Wiggins, and Gloria R. Robinson ("Plaintiffs")

appeal from the district court's grant of summary judgment to Barbosa Group, Inc. After a de

novo review of the record, we affirm.

Because we agree with the district court we assume, without deciding, that the Plaintiffs

have standing to assert their claims under the Service Contract Act, codified at 41 U.S.C. §§ 351-

58. See Clark v. Unified Services, Inc., 659 F.2d 49, 51 (5th Cir. 1981). The Plaintiffs argue that

_____

    [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they were entitled to be recalled to work because of a Letter Agreement entered into by their union and Barbosa, who is a successor contractor, whereby Barbosa agreed that its "employees" would be protected by the terms of a prior collective bargaining agreement. Plaintiffs assert that a material issue of fact exists as to the meaning of "employees" in the Letter Agreement. Plaintiffs' argument is unavailing.

Where the terms of a contract are unambiguous and do not lead to absurd results we make no further inquiry into the parties' intent. See Lloyds of London v. Transcontinental Gas Pipe Line Corp., 101 F.3d 425, 429 (5th Cir. 1996). Here, Barbosa was under no obligation to hire the Plaintiffs or to recognize their seniority or recall rights when it took over the contract. See Clark, 659 F.2d at 52-53. We find the term "employees" in the Letter Agreement to be unambiguous in that it covers only those persons actually hired by Barbosa.

Accordingly, the judgment of the district court is AFFIRMED.